IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| STEVE BREWER, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-43-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits and supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@).  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant protectively applied for disability insurance benefits and supplemental security income on August 22, 2007, alleging disability as of September 4, 2006, due to arthritis, diabetes, vision disorders, and high blood pressure. (Tr. 146; ECF No. 10.) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on December 2, 2009, and following the hearing, the ALJ issued an unfavorable decision on January 5, 2010. (Tr. 21-30.) The Appeals Council ultimately denied Claimant's Request for Review on May 9, 2012. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23.) The ALJ found that Claimant had diabetes mellitus, arthritis, and obesity, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform light work with only frequent balancing, stooping, crouching, crawling, and climbing of ramps and stairs, a limited ability to read, write or work with numbers, and can only occasionally climb ropes or scaffolding. (Tr. 24.) Based on his RFC and the

medical evidence, the ALJ then determined that Claimant could not perform any of his past relevant work. (Tr. 28.) The ALJ determined that Claimant was 40 years old at the time of the hearing, which is considered to be a younger individual. (*Id.*) The ALJ further found that Claimant had a high school education and could communicate in English. (*Id.*) After consulting the Medical-Vocational Rules (GRIDS) and utilizing the testimony of a Vocational Expert ("VE"), the ALJ determined that Claimant was not disabled within the meaning of the Regulations and that there were jobs available which existed in significant numbers that Claimant could perform. (*Id.* at 29.)

## ISSUES

I. **Whether the ALJ erred in evaluating the opinion of Claimant's treating physician.**

II. **Whether the ALJ erred in evaluating Claimant's credibility.**

III. **Whether the ALJ erred in evaluating Claimant's RFC.**

## DISCUSSION

I. **Did the ALJ err in evaluating the opinion of one of Claimant's treating physicians?**

In his first enumeration of error, the Claimant argues that the ALJ erred in rejecting the opinion of his treating internist, Dr. Mize, who, in March 2009 found that Claimant was only able to lift and carry up to ten pounds maximum, both frequently and occasionally, that he could stand/walk for less than two hours and sit for less than two hours in an eight-hour work day, that he needed to be able to shift positions from sitting or standing/walking at will, that he would need to lie down at unpredictable intervals

during the work day, that he was limited in his ability to reach, handle (gross manipulation), feel, push, and pull, and that he would likely miss more than three days of work a month due to his various impairments. (Cl.'s Br. 13, ECF No. 12.)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Phillips v. Barnhart,* 357 F.3d 1240, 1241 (11th Cir. 2004) (quotation and citation omitted). The Eleventh Circuit has found that "good cause" exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

The Regulations state that the weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. §§ 416.927(c) and 404.1527(c). The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary

to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991).

Furthermore, an ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2)& (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination of disability." 20 C.F.R. § 404.1527(e); see SSR 96-5p.

In this case, it is found that the ALJ clearly articulated his reasons for giving less weight to the opinions of Dr. Mize and that his reasons constitute good cause. (Tr. 27-28.) The ALJ properly found that Dr. Mize's opinion that Claimant was disabled prior to his date last insured and through the present date was conclusory and was an issue reserved for the Commissioner. (Tr. 28.) Specifically, the ALJ noted that although Dr. Mize opined that Claimant was disabled prior to June 30, 2007, his date last insured, the record reveals that Dr. Mize did not even begin treating Claimant until September of 2007. (*Id.*) The ALJ also found that the limitations assessed by Dr. Mize were not consistent with the medical records or the opinions of the state agency medical consultants. (*Id.*) The ALJ based his findings on the evidence of record, including the

treatment notes of Dr. Mize, other medical records in evidence, the assessments and evaluations of state agency consultants, as well as the symptoms and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ did not find to be fully credible. (Tr. 28). The ALJ is not required to find that a claimant is disabled merely because he shows that he has medically documented limitations. *See* 42 U.S.C. § 423(d)(1). Upon review of the entire record, the Commissioner appears to have applied the proper legal standard in discounting the opinion of Dr. Mize, and substantial evidence supports his decision.

## II.     Did the ALJ err in assessing the credibility of the Claimant?

Claimant next alleges that the ALJ erred in evaluating his subjective allegations of pain. (Cl.'s Br. 16; ECF No. 12.) Specifically, Claimant contends that the ALJ failed to follow the directives of 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p in assessing his credibility.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must first show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.

2005) (quotations and citations omitted). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The record reveals that the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of his pain. (Tr. 24). The ALJ then referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p and 96-6p and 06-3p. *Id.*

Here, the ALJ found that Claimant's testimony regarding the intensity,

persistence, and limiting effects of his symptoms were "not entirely credible." (Tr. 25.) Pursuant to the holding in *Foote v. Chater*, then, the ALJ articulated the reasons for discrediting subjective pain testimony. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir.1995). In fact, the ALJ spent three pages of his findings discussing the medical evidence in conjunction with the Claimant's allegations of pain. (Tr. 26-28.)

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that he failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law. As noted above, the court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Thus, it is found that the ALJ applied the proper pain standard and supported his determinations with substantial evidence in the record.

## II.     Did the ALJ err in determining Claimant's residual functional capacity?

Claimant also contends that the ALJ erred in failing to include limitations regarding his ability to grip and handle objects or his visual limitations in his RFC finding. (Cl.'s Br. 15.)

As to Claimant's contention that the ALJ erred in failing to evaluate the impact his grip strength and visual problem had on his residual functional capacity, his claim must fail. Pursuant to 20 C.F.R. § 404.1545(a)(2), the ALJ is required to consider all of the

Claimant's impairments, including non-severe impairments, in determining a claimant's RFC.  In *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001), the Eleventh Circuit held that remand is required when an ALJ "fails to consider properly a claimant's condition despite evidence in the record of the diagnosis."  The ALJ's findings in this case reveal that he considered all of Claimant's impairments, whether severe or not, in determining their effect on his RFC.  The ALJ specifically noted Claimant's hand edema and vision diagnosis.  (Tr. 26.)   Social Security Ruling 96-8p, in relevant part, states that:

> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

The Regulations further state that where an ALJ finds that the Claimant's impairments do not meet a relevant Listing, he is required to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to former work or performing other work which he would be able to perform taking into consideration any limitational impairments. 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling 96-8p.

> "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."

*Lapica v. Comm'r of Soc. Sec.*, 2012 WL 6571081, *3 (11th Cir. 2012).

Claimant argues that the ALJ found that diabetes, arthritis, and obesity significantly reduced Claimant's ability to work, yet he made no attempt to show that he considered them when determining what Claimant could do despite his impairments-- specifically there was no mention of reduced grip strength or visual limitations in the RFC. (Cl.'s Reply Br. 4, 5; ECF No. 14.)  In making his assessment in this case, the record reveals that the ALJ considered all of Claimant's symptoms, including his allegations of pain, and the extent to which these symptoms could reasonably be considered consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929, and Social Security Rulings 96-4p and 96-7p.  (Tr. 22-24.)  The ALJ also considered the medical opinions, which are statements from acceptable medical sources that reflect judgments about the nature and severity of the impairments and resulting limitations.  20 C.F.R. §§ 404.1527 and 416.927 and Social Security Rulings 96-2p, 96-5p, 96-6p, and 06-3p.  (*Id.*)  Further, the record shows that the ALJ took into account and evaluated Claimant's arthritis and diabetes, as well as the impairments resulting therefrom, in determining his RFC.  (Tr. 24-27.)  There is no evidence in the record to support Claimant's contention that his lack of grip strength or visual problems were severe enough to affect his ability to perform the light work.  The ALJ acknowledged those issues but did not find them to have an impact on his ability to perform work.

Claimant also argues that the ALJ failed to consider the effect of his obesity on his ability to perform work. (Cl.'s Br. 15.)   As to Claimant's contention that the ALJ erred in failing to properly apply Social Security Ruling 02-01p, the regulation states that obesity is a medically determinable impairment that an ALJ must consider in evaluating disability, that the combined effects of obesity and other impairments can be greater than the effects of each single impairment considered individually, and that obesity must be considered when assessing RFC.

As noted above, the sequential disability analysis requires the Claimant to prove that he suffers from an impairment or combination of impairments which prevents the performance of basic work activities; i.e. that he has any severe impairments.  The ALJ "is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'"  *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (quotation omitted). Furthermore, where the Claimant is represented by counsel, the ALJ is not subject to a heightened duty to discover all of the facts relevant to a claimant's disability claim. *Id.*   In this case, Claimant failed to claim obesity as a disabling condition in his disability report. (Tr. 146.) It is up to the Claimant to present evidence to support his claims of impairment.  *See,* 20 C.F.R. §§ 404.1512(a), (c); 416.912(a), (c).  The burden is not on the ALJ to establish the effects of each of his impairments and this Court can find no error where the Claimant failed to meet his burden of proof.  Accordingly, the ALJ applied the appropriate legal standard, and his decision is supported by substantial evidence.

For the foregoing reasons, the ALJ did not err in failing to consider the effects of Claimant's reduced grip strength or visual problem in evaluating his RFC.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 22nd day of August, 2013.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE