IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEVE BREWER, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | |
| : | No. 3:12-CV-43 (CAR) |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER ON THE REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 15] to affirm the Commissioner's decision denying Claimant Steve Brewer for disability insurance benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations and that there were jobs available which existed in significant numbers that Claimant could perform. Claimant has filed a timely Objection to the Report and Recommendation [Doc. 16]. Having considered Claimant's objections, the Commissioner's Response [Doc. 17], Claimant's Reply [Doc. 18], and having reviewed those matters *de novo*, the Court hereby adopts the well-reasoned Report and Recommendation, and affirms the decision of the Commissioner of Social Security.

1

In his Objection, Claimant first contends that the manner in which the ALJ discounted the opinions of his treating physician, Dr. Mize, is error mandating remand. However, the somewhat extreme limitations imposed by Dr. Mize on Claimant's ability to work is contradicted by x-ray results showing no more than mild arthritic indication. Likewise, x-rays of the lumbar spine were negative.  As stated in the Report and Recommendation, the opinion of the physician is inconsistent with objective medical evidence and may therefore be discounted.  A review of Claimant's longitudinal history of treatment shows that both his motor function and sensation were normal with only a brief episode of swelling in his legs which was diagnosed as trace edema.[1]  The ALJ thus concluded that Claimant had no more than minimal limitations based on the results of both the objective testing and treatment history and correctly discounted the opinion of Dr. Mize as unsupported by clinical findings and medical history, including the opining physician's own notes.

Moreover, the ALJ gave substantial weight to the opinions of the state agency physicians after the ALJ established good cause for discounting the opinion of the treating physician.  The ALJ found the opinions of the state agency physicians to be 1) consistent with one another, and 2) consistent with the medical evidence in the record as a whole.  Although the state agency physicians found Claimant to be capable of medium work with postural and climbing limitations, the ALJ went further and limited

---

[1] Tr. 234, 294-295.

Claimant to light work in the residual functional capacity assessment. Claimant is capable of light work, and the decision is well reasoned and correct.

Next, Claimant contends there was error in the manner in which the ALJ evaluated his credibility. The ALJ discounted Claimant's credibility based on 1) objective medical evidence and 2) treatment history. A claimant's testimony cannot be rejected solely because it is not substantiated by objective medical evidence, but here it was discounted based on the longitudinal record of care and treatment, as well as objective clinical findings such as the x-ray results discussed above.

Finally, Claimant alleges error in the formulation of the residual functional capacity by the ALJ, contending that the ALJ failed to account for his vision problems, grip deficiency and obesity. As to the vision issue, Claimant was found to have 20/50 vision capability in April 2008, and was prescribed glasses. Glasses do not preclude a person from working at substantial gainful activity. Although he firmly asserts grip deficiency, his own physician considered him to have normal motor function in October 2008. Even assuming the limitations exist to the extreme extent complained of, Claimant has not proven resulting functional limitations that would preclude him completely from engaging in light work.

The issue is the same with his obesity. Claimant is classified as a "younger individual" under the Social Security Act. While he is significantly overweight and may be disabled from certain classifications of work, he has not proven himself to be

completely disabled from light work.  Although he stated in his application for benefits that he became disabled on September 4, 2006, as a result of arthritis, diabetes, vision problems and high blood pressure, his earnings record show him employed through the first three quarters of 2007 at a poultry processing plant.[2]  This is a year after his asserted disability date.  Although that is not dispositive of his claim, it may be considered in evaluating both the opinion of treating physicians and Claimant's own testimony of symptomology, that is to say, his credibility.  Dr. Minnis reviewed Claimant's medical history as to the obesity issue and found him to be, in fact, obese with a body mass index of 40%.  Obese people work every day, however, and Dr. Minnis found him capable of medium work.  The ALJ went further and limited him to light work.  Claimant has failed to prove he is medically disabled from light work.

For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge [Doc. 15] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**; the final decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED,** this 27th day of September, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

---

[2] Tr. 136.